**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL CASE NO. |
| | : | 3:07-CR-00146 (JCH) |
| | : | |
| v. | : | |
| | : | |
| LUIS RODRIGUEZ, | : | APRIL 06, 2022 |
| Defendant. | : | |
| | : | |

**RULING ON MOTIONS FOR COMPASSIONATE RELEASE (DOC. NOS. 118 & 122)**

Luis Rodriguez ("Mr. Rodriguez"), a defendant sentenced by this court and currently serving that sentence with the Bureau of Prisons ("BOP"), moves for sentence reduction under section 3582(c)(1)(A)(i) of title 18 of the United States Code, as amended by Section 603 of the First Step Act of 2018 ("compassionate release" under the "First Step Act"). Pub. L. 115-391, 132 Stat. 5194 (2018). Mr. Rodriguez filed a pro se Motion for Compassionate Release (Doc. No. 118), after which he obtained counsel who filed a renewed Motion for Compassionate Release. See Mot. for Sentence Reduction (Doc. No. 122). The court grants Mr. Rodriguez's Motions for some of the reasons set forth in the defendant's Memorandum (Doc. No. 122-1) and the government's Memorandum in Agreement (Doc. No. 123).

A defendant seeking compassionate release under section 3582(c)(1)(A) must exhaust his administrative remedies. See 18 U.S.C. § 3582(c)(1)(A). Mr. Rodriguez has satisfied the exhaustion requirement by requesting release from the Warden of FCI McDowell in February, 2021. See Pro Se Mot. for Compassionate Release at 3 (Doc. No. 118). Mr. Rodriguez's counsel also subsequently sent her own letter to the Warden

1

seeking Mr. Rodriguez's release, further fulfilling the exhaustion requirement.  See Mot. for Compassionate Release, Ex. A (Doc. No. 122-2) ("Counsel's Letter to Warden").

Once a defendant has exhausted his administrative remedies, a court may reduce his sentence if (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i); see also United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020) (courts "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release.").

Here, extraordinary and compelling reasons justify reducing Mr. Rodriguez's sentence.  Mr. Rodriguez received a disproportionately high sentence given today's understandings of unjust disparities in sentencing for crack-cocaine offenses.  He was convicted under section 841(b)(1)(C) of title 21 of the United States Code and was designated a career offender under Section 4B1.1(a) of the Sentencing Guidelines, increasing his statutory maximum sentence and depriving him of the opportunity to seek review of his crack-cocaine sentence under Section 404 of the First Step Act or the Sentencing Commission's retroactive crack amendments.  See United States v. Terry, 141 S. Ct. 1858, 1864–65 (2021) (Sotomayor, J., concurring) (noting that defendants like Mr. Rodriguez "have been left behind" and have "never had a chance to ask for a sentence that reflects today's understanding of the lesser severity of [their] crime").  Mr. Rodriguez was also convicted on a second Count under section 922(g) of title 18 of the United States Code.  On this count, he faced an increased mandatory minimum of 180 months under the Armed Career Criminal Act because of prior offenses.  See

Sentencing Transcript at 5, 8 (Doc. No. 117); Presentence Report ¶ 82.  Under current law, however, it is unlikely that Mr. Rodriguez would be considered a career offender or an Armed Career Criminal on the basis of his predicate offenses.  See Mem. in Support of Mot. for Compassionate Release at 1-2.  Were he before the court for sentencing today, he likely would have received a lesser sentence than the 205 months he has already served.  See id. at 10; Gov't's Mem. in Support at 3.

Mr. Rodriguez also faces extraordinary and compelling circumstances beyond his excessive sentence.  He has obesity, which increases his risk of contracting a more severe case of COVID-19.  See Counsel's Letter to Warden (Doc. No. 122-2). Furthermore, while he does not satisfy the Sentencing Guidelines' requirements for compassionate release as a sole caregiver, U.S.S.G. § 1B1.13, application note 1(C) (noting that extraordinary and compelling family circumstances include the "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner"), the court also considers his need to help care for his mother as a compelling circumstance. Taking all of these circumstances together, the court concludes extraordinary and compelling circumstances exist.

Having identified extraordinary and compelling circumstances, the court must consider whether the factors in section 3553(a) of title 18 of the United States Code support compassionate release.  See 18 U.S.C. § 3582(c)(1)(A)(i); 18 U.S.C. § 3553(a). Having reviewed all of the filings and the material before the court at the time of sentencing, the court concludes that the 3553(a) factors warrant compassionate release.

The court acknowledges that Mr. Rodriguez was convicted for a serious offense involving drugs and firearm trafficking. See 18 U.S.C. § 3553(a)(2)(A). However, based upon his record in prison, his family support, the rehabilitative programs he has taken, and his proposed housing situation, the court concludes that he is not a danger to the community. See id. at §§ 3553(a)(1) & (a)(2)(C); see also Mem. in Support of Mot. for Compassionate Release at 14-16; id. at Ex. C (Doc. No. 122-4). Finally, the needs to deter further criminal conduct and protect the public have been addressed by the sentence he has already served. Id. at §§ 3553(a)(2)(B) & (a)(2)(C). For these reasons, the 3553(a) factors do not cause the court to decline to exercise its discretion under the First Step Act.

Therefore, for all the foregoing reasons, the court grants the defendant's Motions for compassionate release (Doc. Nos. 118 & 122). However, the court stays this Ruling/Order until the United States Probation Office can investigate and approve the proposed housing in Milford. If Probation does not approve of the housing, it must find an alternative, which may include a Residential Reentry Center placement for up to 60 days to allow Mr. Rodriguez to obtain a job and housing arrangement. In addition, given Mr. Rodriguez's long and heavy drug use, the court strongly recommends he participate in Support Court, attending as an observer at least 2-3 sessions.

**SO ORDERED.**

Dated at New Haven, Connecticut this 6th day of April 2022.

                                            ___/s/ Janet C. Hall_____
                                            Janet C. Hall
                                            United States District Judge